IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 07-05871 |
| RIDEL ALEGRE FERNANDEZ ROSADO | CHAPTER 7 |
| Debtor | |
| CELEDONIO CORREDERA PABLOS | ADVERSARY NO. 08-0033 |
| Plaintiff | |
| vs. | |
| RIDEL ALEGRE FERNANDEZ ROSADO | |
| Defendant | |

**ORDER**

This case is before the court upon the "Motion for Reconsideration or to Alter or Amend Judgment" (the "Motion for Reconsideration") filed by Celedonio Corredera Pablos (the "Plaintiff") on April 16, 2009 (Docket No. 51), of the judgment entered in this adversary proceeding on April 6, 2009 (Docket No. 48) in favor of Ridel Alegre Fernández (the "Defendant"), dismissing the adversary proceeding because the complaint objecting to the dischargeability of Plaintiff's debts was found by this court to be time-barred. For the reasons stated below the Motion for Reconsideration is here by denied.

*Fed. R. Civ. P. 59(e)*

A motion for reconsideration of an order or judgment is not recognized by the Federal Rules of Civil Procedure. In re Pabon Rodriguez, 233 B.R. 212, 218 (Bankr. D.P.R. 1999) *aff'd*, 2001 WL 958803 (1st Cir. 2001) (citing Vank Skiver v. United States 952 F.2d 1241, 1243 (10th Cir. 1991)). Federal courts treat such a motion as either a motion to alter or amend judgment under Fed. R. Civ. P 59(e) or a motion for relief of judgment under Fed. R. Civ. P. 60(b). "These two rules are distinct; they serve different purposes and produce different consequences. Which rule applies depends essentially on the time a motion is served. If a motion is served within ten days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If the motion is served after that time, it

falls under Rule 60(b)." Id. In the instant case Plaintiff's Motion for Reconsideration was filed ten (10) days after the judgment for which reconsideration is sought was entered. Therefore, the motion will be treated as one filed under Fed. R. Civ. P. 59(e) made applicable here through Fed. R. Bank. P. 9023.

Fed. R. Civ. P. 59(e) authorizes the filing of a written motion to alter or amend a judgment after its entry. The motion must demonstrate the "reason why the court should reconsider its prior decision" and "must set forth facts or law of a strongly convincing nature" to induce the court to reverse its earlier decision. Pabon Rodriguez, 233 B.R. at 218 (citations omitted). The movant "must either clearly establish a manifest error of law or must present newly discovered evidence". Id. The party cannot use a Rule 59(e) motion to cure its own procedural failures or to introduce new evidence or advance arguments that could and should have been presented originally to the court. Id. Generally, when a party is made aware that a particular issue will be relevant to its case but fails to produce readily available evidence pertaining to that issue, the party may not introduce that evidence to support a Rule 59(e) motion. Id. Neither can the party use this motion to raise novel legal theories that it had the ability to address in first instance. Id. The federal courts have consistently stated that a motion for reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources. Id. In practice, Fed. R. Civ. P. 59(e) motions are typically denied because of the narrow purposes for which they are intended. Id.

*Plaintiffs' Arguments & Discussion*

In his Motion for Reconsideration Plaintiff presents two (2) arguments as to why the court should reconsider the judgment rendered by this court dismissing this adversary proceeding.

Plaintiff first argues that, "[t]he orders issued by the honorable court extending the deadline to file objections to dischargeability were issued by the honorable court pursuant to its power to issue orders necessary or appropriate to carry out the provisions of the Bankruptcy Code." (Motion for Reconsideration, p. 3).

In this adversary proceeding the U.S. trustee filed a motion on December 18, 2007 requesting the court to extend the deadline for sixty (60) days to allow him to file a motion to dismiss under §§

707(b)(1), (b)(3) and/or §727 of the Bankruptcy Code (Docket No. 15 in lead bankruptcy case No. 07-05871).[1] Subsequently, Juan Botello (an unsecured creditor) on December 31, 2007, filed a motion specifically requesting, "the [c]ourt to grant the appearing party a sixty (60) day extension to file a Complaint Objecting to Discharge" (Docket No. 23 in lead case). On January 8, 2008, Pablo López Baez, Emma Teresa Benítez and Dr. Osiris Delgado jointly filed a motion captioned "Motion Requesting Amendment to Order Extending Deadlines to File Objections to Dischargeability"(Docket No. 27 in lead case). The motion prayed that "the orders extending the deadlines to file objections to discharge be amended to be extensive to all creditors and that any such objections be filed on or before February 29, 2008." The court granted the motion filed by Pablo López Baez on January 15, 2008 (Docket No. 31 in lead case). The order issued by the court with respect to this particular motion stated the following: "[T]he motion filed by Ricardo Agrait Defillo on behalf of Pablo Lopez Baez requesting extension of time amendments to Order Extending Deadlines to File Objections to Dischargeability on or before February 29, 2008 (docket #27) is hereby granted. It is so ordered."

This court in its Opinion and Order specifically addressed the issue of whether the orders granted by the same allowed creditors to file objections to the dischargeability of particular debts and concluded the following: "The order issued by the court specifically granted that the orders extending the deadlines to file objections to discharge objections be amended to be extensive to all creditors, thus including Plaintiff. However, the order from the court did not grant an extension of time to Plaintiff (or to any creditor) to file objections to dischargeability, given that such request was not included in the prayer of relief of the López Baez Motion. The motions which were granted by the court specifically requested an extension of time to file objections to discharge, not to the dischargeability of particular debts. The prayer in the motion, rather than its title controls. Therefore, to the extent that this court's order may have been relied upon by Plaintiff as extending his time to object to the dischargeability of certain debts, the reliance was misplaced in light of the prayer of the motion(s)". (Opinion and Order, pgs. 7-8).

---

[1] References to the lead case are to the entries and documents filed in the bankruptcy case, case number 07-05871 (ESL).

3

For the reasons stated above, Plaintiff's first argument in his Motion for Reconsideration fails to clearly establish a manifest error of law nor present newly discovered evidence.

The second argument is that "... if Fernández had an objection to the extension of the deadline to file complaints as to the non-discharge or dischargeability of debts, Fernández had to raise that objection when the extensions were requested. Fernández failed to do so and therefore waived or forfeited any objection or defenses to the granting of such extensions." (Motion for Reconsideration, p. 3). The court in its Opinion and Order, after considering this particular issue and enumerating the factors a court should consider in determining whether failure to timely raise a limitations defense should constitute a waiver, concluded the following: "In this adversary proceeding, the Defendant raised as an affirmative defense the untimeliness of Plaintiff's complaint in his answer to the complaint and to the amended complaint. Thus, the defense was timely and presented before reaching the merits of the complaint, as amended. Therefore, Kontrick is inapposite in this respect. The order granting Pablo López Baez's request that the orders extending the deadlines to file objections to discharge be amended to be extensive to all creditors cannot, and will not, be construed as an order denying *ex ante* any affirmative defense the defendant may have, such as the one subject of the motion to dismiss before the court, that is, that the action is time barred." (Opinion and Order, pgs. 6- 7). This court in its Opinion and Order held that Defendant timely raised the defense that Plaintiff's complaint was time barred and thus, did not waive such defense. The court finds that Plaintiff's second argument has been initially presented in this Motion for Reconsideration and the same should have been presented to the court in earlier proceedings. The court also finds that the second argument fails to clearly establish a manifest error of law nor present newly discovered evidence.

1     This court holds that Plaintiff has not established a manifest error of law nor presented newly discovered evidence in his Motion for Reconsideration which would warrant this court to reconsider its order entered on April 6, 2009, granting Defendant's motion to dismiss this adversary proceeding. Therefore, the Motion for Reconsideration is hereby denied.

SO ORDERED.

In San Juan, Puerto Rico, this 20th day of May 2009.

                                                                      ENRIQUE S. LAMOUTTE
                                                                      U. S. Bankruptcy Judge